### 6508.  BROWN *v.* THE STATE.

BROYLES, J.  1. The admission of testimony as to statements made by the defendant's wife some five or ten minutes before the shooting and not in the presence or hearing of the accused, under the facts of this case, was error.

2. The excerpt from the charge of the court of which complaint is made in the 5th ground of the amendment to the motion for a new trial is not subject to the exception that it expressed an opinion upon the evi- dence, or that it was not adjusted to evidence which might have authorized the jury to find that the accused was the slayer of the deceased, nor was it for any other reason assigned erroneous; though an appropriate request would have required an instruction on the mutual right of father and son to defend each other.

3. The instruction of which complaint is made in the 6th ground of the amendment to the motion for a new trial is subject to the objection that it intimated an opinion as to what had been proved. It should have contained the qualification: "if the jury believe a shot fired by the defendant inflicted the mortal wound," or language to that effect.

4. The instruction of which complaint is made in the 9th ground is erroneous for the reason that the defendant would not have been guilty if the evidence had shown that he merely aided and abetted some other than his codefendant named in the indictment, and the instruction that the accused would be guilty if he aided and abetted in the killing of the deceased should have been confined to the aiding and abetting of Fred Brown, his codefendant.

5. Except as ruled above, the charge of the court was not erroneous for any reason set forth in assignments of error.

6. The verdict of manslaughter was not authorized by the evidence or by the statement of the accused; and the court therefore erred in charging upon that subject.          *Judgment reversed.*

DECIDED OCTOBER 22, 1915.

Conviction of manslaughter; from Coffee superior court—Judge Summerall. March 13, 1915.

*C. A. Ward, T. A. Wallace,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.